UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
FAT BRANDS INC.,

                            Plaintiff,              **Civil Action No. 1:19-cv-10497-JMF**

    -against-

PPMT CAPITAL ADVISORS, LTD., ROYAL
GULF CAPITAL CORPORATION, KARL
DOUGLAS, WESLEY RAMJEET, ONUR
TATLIADIM, SJ GLOBAL INVESTMENTS
WORLDWIDE, LTD., SJ GLOBAL
INVESTMENTS LTD., PETER SAMUEL, NEIL
WALSH, KRISTINA FIELDS and MICKEY
EDISON,

                            Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OF LAW IN SUPPORT OF SJ GLOBAL US INVESTMENTS LTD.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Defendant SJ Global Investments Ltd. ("SJ Global US") respectfully submits this Memorandum of Law in accordance with Rule 12 of the FED. R. CIV. P., Local Civil Rule 11.1, and Rule 3 of the Individual Rules of the Honorable Jesse M. Furman of the United States District Court of the Southern District of New York. SJ Global US seeks dismissal of Plaintiff FAT Brands Inc.'s ("Plaintiff") Complaint dated November 12, 2019 under FED. R. CIV. P. 12(b)(6), 9(b) and 8(a). For the reasons set forth below, SJ Global US respectfully requests that the Court grant this Motion and dismiss Plaintiff's Complaint in its entirety as against SJ Global US, with prejudice.

### PRELIMINARY STATEMENT

This lawsuit concerns the failed placement of up to $100 million in financing caused by PPMT Capital Advisors, Ltd. ("PPMT") and its officers and agents, particularly Karl Douglas ("Douglas"). While the only entity for whom Plaintiff actively negotiated and contracted with was

PPMT, Plaintiff has nonetheless dragged SJ Global US into this lawsuit even though Plaintiff has not alleged one single factual allegation against it. As detailed in the first 19 pages of Plaintiff's 32 page Complaint, the only party with whom Plaintiff had a contract was PPMT and the failed placement solely involves the conduct of, and representations made by, PPMT and Douglas during the entire negotiation and pre-closing phase of the transaction spanning from June-December 2018, to the complete exclusion of SJ Global US (and also to the exclusion of co-defendants SJ Global Investments Worldwide, Ltd. ("SJ Global Worldwide") and its officers and/or agents co-defendants Neil Walsh, Peter Samuel, Kristina Fields and Mickey Edison (collectively, the "SJ Global Worldwide Individual Defendants")).

Plaintiff has asserted no facts against SJ Global US and instead impermissibly relies upon "group pleading" to assert its claims, the nature of which has been routinely rejected by this Court and others. In a transparent attempt to gain jurisdiction over SJ Global Worldwide and the SJ Global Worldwide Individual Defendants, Plaintiff ignores corporate formalities and asserts baseless claims against SJ Global US simply because Plaintiff has jurisdiction over SJ Global US as a resident of New York and has no jurisdiction over SJ Global Worldwide and the SJ Global Worldwide Individual Defendants, all of whom are citizens or residents of foreign countries.

The Complaint asserts eight (8) counts, only two of which -- namely (i) fraud and conspiracy to commit fraud (Count IV), and (ii) tortious interference with contract (Count VII) -- are asserted against SJ Global US, not through any direct allegations but only by way of Plaintiff's collective definition of "SJ Global Defendants" which is defined in the Complaint (and herein) as SJ Global US, SJ Global Worldwide and the SJ Global Worldwide Individual Defendants. Not only do these claims fail as against SJ Global US as the Complaint is devoid of any factual allegations whatsoever and therefore no cognizable claim can arise against SJ Global US, but the

claims themselves are facially deficient in that they are asserted in impermissible "group pleading," fail to allege the required elements of each cause of action, rely upon conclusory allegations instead of factual allegations which are not afforded the presumption of truth, and fail under the pleading requirements of Rule 8(a) and the particularity requirement of Rule 9(b).

Accordingly, the complaint should be dismissed in its entirety with prejudice.

## FACTS[1]

While the allegations in the Complaint overwhelmingly concern conduct and representations made by PPMT and its agents which allegedly caused significant harm to Plaintiff, and allege no facts against SJ Global US, the following is a brief summary of Plaintiff's allegations.

Plaintiff "is a global franchising company that strategically acquires, markets and develops fast casual and casual dining restaurant concepts around the world." (Compl. ¶ 1, ECF No. 1.) According to the Complaint, in 2018, Plaintiff sought financing to "replace its existing credit facility and to finance the purchase of two additional brands." (*Id.* ¶¶ 3, 33–34, ECF No. 1.)

In an effort to achieve its financing goals, Plaintiff eventually became involved with PPMT, Royal Gulf Capital Corporation ("Royal Gulf"), Douglas, Wesley Ramjeet, and Onur Tatliadim (collectively, the "PPMT Defendants").[2] (*Id.* ¶ 3, ECF No. 1).

Purportedly, Douglas, the Chief Investment Officer of PPMT, advised Plaintiff that PPMT represented the family office of the Royal Family of Qatar, through the corporate entity of Royal Gulf. (*Id.* ¶ 4, ECF No. 1). Allegedly, Douglas "assured [Plaintiff] that he had procured a $500

---

[1] Solely for purposes of this Motion, SJ Global US assumes as true the facts asserted in the Complaint while reserving all rights.

[2] The PPMT Defendants are not alleged to be (and are not, in fact) members or agents of SJ Global US. Nor are the PPMT Defendants alleged to be members or agents of co-defendants SJ Global Investments Worldwide, Ltd., Peter Samuel, Neil Walsh, Kristina Fields or Mickey Edison, none of whom have been served with process in this case as of the date of this filing.

million commitment" from the Royal Family of Qatar, which would be entirely funded through Royal Gulf. (*Id.* ¶ 68, ECF No. 1). On August 7, 2018, Plaintiff entered into a Binding Letter of Intent with PPMT concerning the future investment by Royal Gulf. (*Id.* ¶¶ 60-66, ECF No. 1). Approximately two weeks thereafter, PPMT advised Plaintiff that Royal Gulf and PPMT wanted to complete the transaction. (*Id.* ¶ 67, ECF No. 1).

From late Summer through late Fall, Plaintiff and PPMT engaged in extensive negotiations over the terms of the transaction and, at the direction of PPMT and Douglas, Plaintiff caused its attorneys to draft the necessary transaction documentation and prepared for the deal's closing, all of which is alleged to have cost Plaintiff hundreds of thousands of dollars. (*Id.* ¶¶ 67-86, ECF No. 1.) The closing was scheduled for December 20, 2018 but it was then cancelled by PPMT with assurances that the deal would soon close. (*Id.* ¶¶ 88—96, ECF No. 1.)

Then, on January 16, 2019, Douglas allegedly advised Plaintiff that funding would not come from Royal Gulf, but rather claimed that PPMT had obtained a commitment from SJ Global Worldwide[3] in the amount of $500 million in funding and that SJ Global Worldwide was "affiliated" with the Royal Family of Qatar. (*Id.* ¶¶ 97-98, ECF No. 1.)

According to the Complaint, on January 27, 2019, Plaintiff's Chief Executive Officer, Andrew Wiederhorn, met with Douglas and SJ Global Worldwide through its officers and/or agents Peter Samuel, Neil Walsh, and Mickey Edison in Zurich, Switzerland (the "Zurich Meeting"). (*Id.* ¶¶ 19, 20, 22, 99, ECF No. 1).

Importantly, at the Zurich Meeting, "SJ Global[4] [Worldwide] claimed that they never

---

[3] SJ Global Worldwide is alleged to be (and is, in fact) a separate and distinct entity from SJ Global US, which holds no ownership interest in SJ Global US.

[4] The Complaint defines SJ Global Investments Worldwide, Ltd. as "SJ Global" though for additional clarity in this brief, SJ Global Investments Worldwide, Ltd. is defined as "SJ Global Worldwide."

4

committed in writing or otherwise to PPMT. SJ Global [Worldwide] further claimed that it did not approve of the deal's structure and would be interested instead in a 'direct deal' with [Plaintiff]." (*Id.* ¶ 100, ECF No. 1). After the Zurich Meeting, according to Plaintiff, "SJ Global [Worldwide] sent a screen shot of $19 billion in bear bonds as purported proof of SJ Global's [Worldwide] ability to fund the transaction," which Plaintiff contends were fake bonds. (*Id.* ¶ 101, ECF No. 1.) Plaintiff further alleges that Douglas misrepresented SJ Global Worldwide's asset holdings as its ability to fund the deal. (*Id.* ¶ 104, ECF No. 1). The transaction never closed and Plaintiff now seeks damages against the PPMT Defendants and the SJ Global Defendants related to, *inter alia*: (i) reimbursement of $100,000 diligence fee paid to PPMT; (ii) negotiations with PPMT and preparation of the transaction documents for the PPMT deal, including attorneys' fees; (iii) fees and costs pertaining to the early termination of Plaintiff's then current credit facility which was to be replaced by PPMT; and (iv) lost profits caused by the failed deal with PPMT. Plaintiff also claims that Douglas is bankrupt and owes millions of dollars in debt and that he misrepresented the ability of PPMT to procure the financing needed for the transaction.

## LEGAL STANDARD

Pursuant to FED. R. CIV. P. 12(b)(6), a complaint may be dismissed for "fail[ing] to state a claim upon which relief can be granted . . . ." Generally, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a)(2). As recognized by the United States Supreme Court, although Rule 8 "does not require 'detailed factual allegations,' [] it demands more than an unadorned, the-defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive a Rule 12(b)(6) challenge, a complaint's "[f]actual allegations must be enough

to raise a right to relief above the speculative level." *Yamashita v. Scholastic Inc.*, 936 F.3d 98 (2d Cir. 2019) (quoting *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014)). Put differently, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hernandez v. United States*, 939 F.3d 191, 198 (2d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678). As recognized by this Court, "[a] claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *New York v. U.S. Dep't of Commerce*, 315 F. Supp. 3d 766, 780 (S.D.N.Y. 2018) (quoting *Iqbal*, 556 U.S. at 678).

While all factual allegations in a complaint are to be accepted as true, a complaint still "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) (quoting *Twombly*, 550 U.S. at 555); *see Fuji Photo Film U.S.A., Inc. v. McNulty*, 669 F. Supp. 2d 405, 413 (S.D.N.Y. 2009) ("[a]llegations that are conclusory or unsupported by factual assertions are insufficient.").

## ARGUMENT

### I. PLAINTIFF'S COMPLAINT ALLEGES NO FACTS WHATSOEVER AGAINST US GLOBAL US

Nowhere in the Complaint does Plaintiff assert any factual allegations against SJ Global US. (*See generally,* Compl., ECF No. 1). Rather, Plaintiff merely relies upon impermissible "group pleading" in violation of Rules 8(a) and 9(b) against the collective "SJ Global Defendants" in Counts IV and VII to assert, in conclusory fashion, that the SJ Global Defendants (which definitionally includes SJ Global US) are liable for fraud and conspiracy to commit fraud, and tortious interference with contract. (*See id.* ¶¶ 139-48, 159-63, ECF No. 1). To be clear, in the 23 pages and 112 paragraphs that precede the specific Counts of the Complaint, there is not one

6

factual allegation against SJ Global US. (*See generally, id.*, ECF No. 1). As no facts have been alleged against SJ Global US, there cannot possibly be any cognizable cause of action against it.

Indeed, Plaintiff's Complaint ignores the notice requirements embodied by Rules 8 and 9 and the well-established case law interpreting those Rules. As correctly alleged in Plaintiff's Complaint, SJ Global US is a separate legal entity that exists separate and apart from SJ Global Worldwide.[5] (*See id.* ¶¶ 17-18, ECF No. 1). It is well-established that as a matter of policy, courts presume the separateness of legally distinct corporate entities. *Prince v. Cablevision Sys. Corp.*, No. 04 Civ.8151(RWS), 2005 WL 1060373, at *6 (S.D.N.Y. May 6, 2005) (quoting *Darden v. DaimlerChrysler N.A. Holding Corp.*, 191 F. Supp. 2d 382, 395 (S.D.N.Y. 2002)). Because of this critical distinction, a complaint must allege specific misconduct attributable to each corporate defendant, and it is impermissible to group corporations, even if related, under Rule 8(a) of the Federal Rules of Civil Procedure. *See United States ex rel. Takemoto v. Hartford Fin. Servs. Grp., Inc.*, 157 F. Supp. 3d 273, 281 (W.D.N.Y. 2016) (finding that grouping corporations without differentiating as to the involvement of each violates Rule 8(a) requiring dismissal of complaint). Indeed, relying upon group pleading and failing to allege specific misconduct attributable to each corporate defendant deprives a defendant of fair notice of the claims against it, thereby failing to satisfy either the notice pleading requirements of Rule 8 or 9(b). *Clayton's Auto Glass, Inc. v. First Data Corp.*, No. 12-CV-5018 (JS)(AKT), 2013 WL 5460872, at *5-6 (E.D.N.Y. Sept. 30, 2013) (granting motion to dismiss complaint which asserted fraud by "group pleading" as violative of Rule 8 and Rule 9(b)).

---

[5] To the extent Plaintiff seeks to disregard corporate form, the Complaint is devoid of the allegations necessary to attempt to pierce the corporate veil. To overcome "the presumption of separateness" afforded to related corporations, a plaintiff must come forward with "the showing of actual domination required to pierce the corporate veil . . . A complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)." *De Jesus v. Sears, Roebuck & Co., Inc.*, 87 F.3d 65, 70 (2d Cir. 1996) (citations omitted) (quoting *Williams v. McAllister Bros. Inc.*, 534 F.2d 19, 22 (2d Cir. 1976); *Palda v. Gen. Dynamics Corp.*, 47 F.3d 872, 875 (7th Cir. 1995)).

Accordingly, as Plaintiff has failed to allege any facts against US Global US and instead relies upon group pleading within Counts IV and VII, Plaintiff's Complaint should be summarily dismissed in its entirety.

## II. COUNTS IV AND VII AGAINST THE SJ GLOBAL DEFENDANTS ARE FURTHER FACIALLY DEFICIENT AND FAIL AS A MATTER OF LAW

### A. Plaintiff's Fraud Claim Fails to Set Forth a *Prima Facie* Case and is not Pled with the Requisite Particularity

Count IV is styled as a claim for Fraud and Conspiracy to Commit Fraud and will be addressed separately herein. With respect to the fraud claim, Plaintiff fails to state a *prima facie* case. Under New York law, to state a claim for fraud a plaintiff must demonstrate: (1) a misrepresentation or omission of material fact; (2) which the defendant knew to be false; (3) which the defendant made with the intention of inducing reliance; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." *Wynn v. AC Rochester*, 273 F.3d 153, 156 (2d Cir. 2001) (citing *Lama Holding Co. v. Smith Barney, Inc.*, 88 N.Y.2d 413, 421 (1996)); *see also Crigger v. Fahnestock & Co., Inc.*, 443 F.3d 230, 234 (2d Cir. 2006).

Further, fraud claims are subject to a heightened pleading standard under Rule 9(b) of the Federal Rules. FED. R. CIV. P. 9(b) which requires that a party state with particularity the circumstances constituting fraud. To satisfy the particularity requirement of Rule 9(b), "allegations must specify when and where the alleged misrepresentation took place, as well as the content of those misrepresentations and the identity of the speaker." *Rotter v. Institutional Brokerage Corp.*, No. 93 Civ. 3578(JFK), 1994 WL 389083, at *3 (S.D.N.Y. July 22, 1994) (citing *Luce v. Edelstein*, 802 F.2d 49, 54 (2d Cir. 1986); *Denny v. Barber*, 576 F.2d 465, 469 (2d Cir. 1978); *Segal v. Gordon*, 467 F.2d 602, 608 (2d Cir. 1972)); *see also Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993).

8

While malice, intent, knowledge, and other conditions of a person's mind may be alleged generally, a plaintiff must provide a "strong inference" of fraudulent intent. *See.* FED. R. CIV. P. 9(b); *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) (a "strong inference of fraud may be established either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness") (citations omitted).

As a matter of law, Count IV of the Complaint fails to set forth a *prima facie* case for fraud and therefore, the Complaint falls woefully short of satisfying the heightened pleading requirement of Rule 9(b). First, as fully set forth *supra*, there are no factual allegations whatsoever against SJ Global US which require that the Complaint be summarily dismissed on that basis alone. Because no allegations are asserted against SJ Global US, the Complaint never identifies any misrepresentations or omissions of material facts that SJ Global US made to Plaintiff. (*See* Compl. ¶¶ 97–102, ECF No. 1). Given that a plaintiff is required to identify the fraudulent acts of every defendant named in the action, Plaintiff's claim must fail. *See DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987) ("Where multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud." (citation omitted)).

Instead, of attributing statements by SJ Global US, Plaintiff solely focuses upon representations and statements ***made by Douglas to Plaintiff*** and the alleged conduct of SJ Global Worldwide[6], which is insufficient to impose liability upon SJ Global US. (*See generally,* Compl.,

---

[6] The Complaint alleges that SJ Global Worldwide through its officer, Fields, transmitted via text message screenshots of "phony bearer bonds" to Plaintiff to support its claim of fraud against SJ Global Worldwide. The Complaint never alleges that SJ Global US took part in such conduct or that Fields is also an Officer of SJ Global US (which she is not). (*See id.* ¶¶ 21, 101, 106, ECF No. 1). To the extent Plaintiff is relying upon these alleged acts by SJ Global Worldwide, as discussed *supra*, the failure to observe corporate form of separate and distinct legal entities is impermissible.

ECF No. 1.) Thus, Plaintiff's claim for fraud should be dismissed under Rule 12(b)(6) because it does no more than provide a "formulaic recitation of the elements of a cause of action" and flouts the already liberal pleading requirements. *Holmes*, 568 F.3d at 335 (quoting *Twombly*, 550 U.S. at 555). *See also De Jesus*, 87 F.3d at 70 ("A complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)." (quoting *Palda*, 47 F.3d at 875)).

Second, as Plaintiff has asserted no facts against SJ Global US, Plaintiff's Complaint also lacks the "strong inference" of fraudulent intent because it never suggests that SJ Global US had an opportunity to commit fraud against Plaintiff and does not identify or specify any misbehavior or recklessness on the part of SJ Global US. (*See id.* ¶¶ 97–107, ECF No. 1.) Although the Complaint is replete with fraudulent motives on the part of Douglas, such motives are not revealed by the Complaint as it pertains to SJ Global US. (*See id.*, ECF No.1.)

For these reasons, the Court should dismiss Plaintiff's fraud claim against SJ Global US.

### B. Plaintiff's Conspiracy to Commit Fraud Claim Fails as a Matter of Law as the Underlying Fraud Claim Must be Dismissed

Given that Plaintiff cannot sustain a claim of fraud against SJ Global US, its claim for conspiracy to commit fraud must fail as a matter of law because such a claim only survives if the underlying tort survives. *See Demalco Ltd. v. Feltner*, 588 F. Supp. 1277, 1278 (S.D.N.Y. 1984) ("It is well settled in New York that 'civil conspiracy to commit fraud, standing alone, is not actionable.' Instead, the gravamen of claim of conspiracy is the underlying independent tort, and if the independent tort has not been adequately pleaded, the conspiracy claim will also fail." (citations omitted)).

Assuming *arguendo*, the Court were to look past the glaring deficiencies of the fraud claim and the entire lack of factual allegations against SJ Global US, Plaintiff's conspiracy claim must

still fail. A claim for civil conspiracy to commit fraud must allege: (1) a corrupt agreement between two or more persons; (2) an overt act in furtherance of the agreement; (3) the parties' intentional participation in the furtherance of a plan or purpose; and (4) the resulting damage or injury. *Am. Country Ins. Co. v. Ury-Sanders*, No. 06 Civ. 4744 (ILG), 2009 WL 107020555, at *9 (E.D.N.Y. Jan. 6, 2009) (citing *Kashi v. Gratsos*, 790 F.2d 1050, 1054 (2d Cir. 1986). A conclusory allegation of a conspiracy is insufficient for a civil conspiracy claim to survive a motion to dismiss. *See Medtech Prods. Inc. v. Ranir, LLC*, 596 F. Supp. 2d 778, 794 (S.D.N.Y. 2008) ("Though a claim for civil conspiracy is measured against the liberal pleading requirements of Federal Rule of Civil Procedure 8(a), and not the more rigorous requires of Rule 9(b), merely conclusory allegations are insufficient." (citations omitted)).

Plaintiff wholly fails to allege factual allegations against SJ Global US and the necessary elements of a conspiracy claim, and therefore fails to set forth a *prima facie* case of conspiracy. For example, the only allegations relating to conspiracy involve the group pleading against the SJ Global Defendants collectively, which state, in conclusory fashion, that they "were involved in a criminal scheme to harm [Plaintiff]"; and that they "conspired with each other to defraud [Plaintiff]." (Compl. ¶¶ 140, 144, ECF No. 1.) As set forth *supra,* conclusory allegations without any factual basis are not afforded the presumption of truth and are insufficient to sustain a cause of action. *See Grove Press, Inc. v. Angleton*, 649 F.2d 121, 123 (2d Cir. 1981) ("bare conclusory allegation[s] of conspiracy does not state a cause of action.") (citing *Goldstein v. Siegel*, 244 N.Y.S.2d 378 (1963)); *Fierro v. Gallucci*, No. 06-CV-5189 (JFB)(WDW), 2008 WL 2039545, at *16 (S.D.N.Y. May 12, 2008) ("[T]o survive a motion to dismiss, a complaint must contain more than general allegations in support of conspiracy. *Rather, it must allege specific times, facts, and*

*circumstances of the alleged conspiracy.*" (emphasis added) (quoting *Fitzgerald v. Field*, No. 99 Civ. 3406(RWS), 1999 WL 1021568, at *4 (S.D.N.Y. Nov. 9, 1999)).

Plaintiff's Complaint never explicitly identifies any "over act" that SJ Global US took in furtherance of any "corrupt agreement" and never contemplates SJ Global US's "intentional participation" in any plan or scheme involving Plaintiff. (*See* Compl., ECF No. 1.)

As such, Plaintiff's claim for conspiracy to commit fraud should dismissed because (i) the underlying tort of fraud cannot be sustain, and (ii) it is conclusory nature and fails to articulate any facts against SJ Global US concerning a civil conspiracy. *See Medtech Prods. Inc.*, 596 F. Supp. 2d at 795 (dismissing claim for conspiracy to misappropriate trade secrets as complaint only alleged that defendants "conspired, agreed, and planned" to misappropriate proprietary information and therefore no factual basis was alleged indicating that an agreement existed (citation omitted)); *Fierro*, 2008 WL 2039545, at *16 (dismissing conspiracy to commit fraud claim when claim was "wholly conclusory" due to lack of specific facts about the conspiracy).

For these reasons, the Court should dismiss Plaintiff's conspiracy to commit fraud claim against SJ Global US as a matter of law.

## C. **Plaintiff's Claim for Tortious Interference with Contract Fails as a Matter of Law**

A properly pled complaint for tortious interference with contract under New York law[7] must allege (1) the existence of a valid contract between a third party and plaintiff, (2) that defendant had knowledge of that contract, (3) that defendant intentionally procured a breach by a third party, and (4) damages. *AIM Int'l Trading, L.L.C. v. Valcucine, S.p.A*, No. 02 Civ. 1363(PKL), 2003 WL 21203503, at *4 (S.D.N.Y. May 22, 2003) (citing *Finley v. Giacobbe*, 79 F.3d 1285, 1294 (2d Cir. 1996); *Chung v. Wang*, 912 N.Y.S.2d 647, 648 (N.Y. App. Div. 2010).

Plaintiff fails to state a *prima facie* case for tortious interference with a contract against SJ Global US as Plaintiff does not allege the breach of a contract with FB Lending, nor does Plaintiff allege any acts by SJ Global US that caused a breach. Rather, Plaintiff alleges that "PPMT Defendants had falsely represented to FAT that the PPMT Fund would replace the FB Lending loan and become the first secured lien holder of FAT's assets" (*See* Compl. ¶ 161, ECF No. 1.) and that all defendants conduct "interfered with and disrupted *Plaintiff's performance* of its contract with [FB Lending] . . ." (*Id.* ¶ 162, ECF No. 1 (emphasis added).)

Moreover, aside from the fatal facial deficiencies of Plaintiff's tortious interference claim, the claim in and of itself is fundamentally and conceptually flawed. A tortious interference with contract claim is only proper when a defendant causes a ***third-party*** (not Plaintiff) to breach the

---

[7] Plaintiff selectively and inexplicably invokes California law for its tortious interference with contract claim. (*See* Compl. ¶¶ 27, 30, ECF No. 1.) However, because the Complaint invokes the Court's diversity jurisdiction under 28 U.S.C. § 1332 (Compl. ¶ 23, ECF No. 1.) the Court should apply the laws of New York to all of Plaintiff's claims. *See Brink's Ltd. v. S. African Airways*, 93 F.3d 1022, 1030 (2d Cir. 1996) ("In the ordinary diversity case, federal courts would apply the law of the forum in which the court is located.") (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 (1938)). Accordingly, the analysis herein invokes New York law.

Nonetheless, even under California law, Plaintiff's claim fails. A *prima facie* case for Intentional Interference with Contractual Relations under California law requires Plaintiff to plead, *inter alia,* facts against SJ Global US to show that: (i) "[its] conduct prevented performance or made performance more expensive or difficult;" and (ii) "[SJ Global US] intended to disrupt the performance of this contract or knew that disruption of performance was certain or substantially certain to occur." JUDICIAL COUNCIL OF CALIFORNIA CIVIL JURY INSTRUCTIONS NO. 2201 (2019). As no allegations of conduct are asserted against SJ Global US (but rather solely against the PPMT Defendants (*see* Compl. ¶ 161, ECF No. 1)) this claim fails.

13

underlying contract. *See Kirch v. Liberty Media Corp.*, 449 F.3d 388, 401 (2d Cir. 2006) (a required element of a tortious interference claim is "defendant's intentional procurement of a third-party's breach of the contract without justification . . .") (internal citations omitted). Simply put, a plaintiff cannot seek recovery when it is plaintiff who is the breaching party. *See Iacono v. Pilavas*, 4 N.Y.S.3d 250, 252 (N.Y. App. Div. 2015) (dismissing case upon showing that plaintiff breached the contract, not a third party, and therefore tortious interference with contract claim failed). Accordingly, no liability sounds in Plaintiff's own failure to abide by its contractual obligations with a third party.

For these reasons, Plaintiff's claim for tortious interference with contract should be dismissed as a matter of law.

## CONCLUSION

For the reasons set forth above, Defendant SJ Global Investments, Ltd. respectfully requests that the Court grant its Motion to Dismiss Plaintiff's Complaint in its entirety, with prejudice.

Dated: January 8, 2019  
New York, New York

Respectfully submitted,  
NELSON MULLINS RILEY & SCARBOROUGH, LLP

By: _____  
Lisa A. Herbert

280 Park Avenue, 15th Floor West  
New York, New York 10017  
Tel: (646) 428-2000  
Fax: (646) 428-2610  
Lisa.Herbert@nelsonmullins.com  
*Attorney for Defendant SJ Global Investments, Ltd.*