```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                      :
FAT BRANDS INC.,                                      :
                                                      :
                              Plaintiff,              :    19-CV-10497 (JMF)
                                                      :
              -v-                                     :    MEMORANDUM
                                                      :    OPINION AND ORDER
PPMT CAPITAL ADVISORS, LTD. et al.,                   :
                                                      :
                              Defendants.             :
                                                      :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On January 14, 2020, Plaintiff filed a motion to serve Defendants Peter Samuel and Mickey Edison by mail and email to Lisa A. Herbert, Esq., and by email to Defendants' last known email addresses. ECF No. 59. Since then, Ms. Herbert and two other attorneys from the firm Nelson Mullins Riley & Scarborough, LLP ("Nelson Mullins") have entered appearances for Samuel and Edison. *See* ECF Nos. 78-80. In addition, Plaintiff has submitted supplemental briefing as ordered by the Court at ECF No. 71, and counsel for Samuel and Edison has responded on their behalf. *See* ECF Nos. 81-83.

After reviewing the parties' supplemental filings, the Court concludes that Plaintiff's motion should be and hereby is GRANTED. Service by alternative means under Rule 4(f)(3) of the Federal Rules of Civil Procedure "is neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant." *KPN B.V. v. Corcyra D.O.O.*, No. 08-CV-1549 (JGK), 2009 WL 690119, at *1 (S.D.N.Y. Mar. 16, 2009) (internal quotation marks omitted).

Rule 4(f)(3) requires that the proposed means of service are "not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). Defendants have identified no agreement that prohibits the means of service proposed by Plaintiff. *See* ECF No. 83. Commonly cited is the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"), but Article I provides that the Hague Convention does "not apply where the address of the person to be served with the document is not known," as here. *See Elsevier, Inc. v. Siew Yee Chew*, 287 F. Supp. 3d 374, 379 (S.D.N.Y. 2018). Moreover, even if the Hague Convention did apply, neither Switzerland nor the United Kingdom, where Samuel and Edison were last believed to reside, *see* ECF No. 1, at ¶ 22; ECF No. 60, at 7, has "specifically objected to service by email or other electronic means." *See United States v. Besneli*, No. 14-CV-7339 (JFK), 2015 WL 4755533, at *2 (S.D.N.Y. Aug. 12, 2015) (noting the majority rule that an objection to service via "postal channels" is not construed as an objection to service via email).

In addition, service by alternative means must "comport with constitutional notions of due process, which require notice reasonably calculated, under all the circumstances, to apprise

interested parties of the pendency of the action and afford them an opportunity to present their objections." *AMTO, LLC v. Bedford Asset Mgmt., LLC*, No. 14-CV-9913 (KMK), 2015 WL 3457452, at *4 (S.D.N.Y. June 1, 2015) (internal quotation marks and citation omitted). Under this standard, courts have approved service on a defendant's counsel after counsel entered an appearance in the case and actively represented the defendant. *See United States v. Machat*, No. 08-CV-7936 (JGK), 2009 WL 3029303, at *4 (S.D.N.Y. Sept. 21, 2009); *Corcyra*, 2009 WL 690119, at *2. Courts have also approved service on a defendant via email where "a plaintiff demonstrates that the email is likely to reach the defendant." *See F.T.C. v. Pecon Software, Ltd.*, Nos. 12-CV-7186 (PAE), 12-CV-7188 (PAE), 2013 WL 4016272, at *6-7 (S.D.N.Y. Aug. 7, 2013) (permitting service by email to addresses "used in relation to the scheme"); *Besneli*, 2015 WL 4755533, at *2.

Here, both of Plaintiff's proposed means of service satisfy the due process standard. First, Defendants' counsel from Nelson Mullins has entered appearances and filed an opposition on Defendants' behalf, *see* ECF Nos. 78-80, 83, and otherwise appear to be in contact with Defendants about this case, *see* ECF No. 82-7, at 1 (noting a telephone conversation in which counsel stated that Defendants would not accept service of process); ECF No. 40 (noting that Nelson Mullins was "in the process of being retained . . . in the above-captioned matter" by Samuel and Edison). Second, Defendants' email addresses were provided by counsel for several other Defendants, *see* ECF No. 82, at 4, presumably as the addresses used by Samuel and Edison during the events alleged in the Complaint. Plaintiff also notes that these were the "addresses by which [Defendants] last communicated with Plaintiff," and that the addresses appear to still be receiving messages. ECF No. 60, at 6-7. Accordingly, the combination of service by these means is reasonably calculated to provide actual notice to Defendants and give them an opportunity to respond.

Finally, some courts in their discretion "have required parties seeking alternative service to show (1) that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) that the circumstances are such that the court's intervention is necessary." *Elsevier*, 287 F. Supp. 3d at 378 (internal quotation marks and alterations omitted). Even assuming that such a showing is required, Plaintiff has satisfied it here because Plaintiff has made "diligent efforts" to identify physical addresses for Samuel and Edison, as detailed in Plaintiff's supplemental filings. *See* ECF No. 82, at 2-5; *Besneli*, 2015 WL 4755533, at *1.

Accordingly, **within two business days of the date of this Order**, Plaintiff shall serve the relevant summonses and Complaint (including any exhibits to the Complaint) on Defendants Samuel and Edison by overnight courier and email to Defendants' counsel at Nelson Mullins and by email to Defendants' email addresses. Plaintiff shall file proof of service **within one business day of service**. Plaintiff's letter-motion to strike Defendants' letter-response, *see* ECF No. 84, is DENIED as moot.

The Clerk of Court is directed to terminate ECF No. 59.

SO ORDERED.

Dated: February 10, 2020
New York, New York

JESSE M. FURMAN
United States District Judge