UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

FAT BRANDS INC.,

                Plaintiff,

    -against-

PPMT CAPITAL ADVISORS, LTD., ROYAL
GULF CAPITAL CORPORATION, KARL
DOUGLAS, WESLEY RAMJEET, SJ GLOBAL
INVESTMENTS WORLDWIDE, LTD., SJ
GLOBAL INVESTMENTS LTD, PETER
SAMUEL, NEIL WALSH, KRISTINA FIELDS
AND MICKEY EDISON.

                Defendants.

-----------------------------------------------------------x

**Case No.: 19-CV-10497**

**DECLARATION OF RUSSELL
BOGART IN SUPPORT OF
PLAINTIFF'S MOTION FOR
DEFAULT JUDGEMENT**

Russell Bogart hereby declares as follows:

1. I submit this declaration in support of Plaintiff FAT Brands, Inc.'s Motion for Default Judgement against Defendant PPMT Capital Advisors, Ltd. ("PPMT"). FAT Brands ("Plaintiff") does not seek a default judgement at this time against Defendant Royal Gulf Capital Corporation ("Royal Gulf").

2. I am a partner in the law firm of Kagen, Caspersen & Bogart PLLC, counsel for Plaintiff in this action. As such, I am familiar with the facts and circumstances set forth in this Declaration.

3. On November 18, 2019, Plaintiff served the Summons and Complaint in this action on Defendants PPMT, Royal Gulf, and Karl Douglas.

4. On December 4, 2019 PPMT, Royal Gulf, and Douglas requested an extension of time to respond to the Complaint.

5. On January 7, 2020, Douglas requested a further extension of time to Answer the Complaint, due to his inability to retain counsel. PPMT and Royal Gulf did not seek a further extension of time to answer the Complaint.

6. Rather, PPMT and Royal Gulf defaulted instead of answering the original Complaint.

7. On April 3, 2020, Plaintiff filed its Amended Complaint in this action against Defendants. In relevant part, the First Cause of Action alleges that PPMT breached its duty to negotiate in good faith.

8. As the Amended Complaint did not allege any additional claims for relief against PPMT or Royal Gulf, who were already in default, service of the Amended Complaint on PPMT or Royal Gulf was not required under Fed. R. Civ. P. Rule 5(a)(2).

9. Moreover, while no service was required on PPMT or Royal Gulf, the Amended Complaint was served upon Douglas, the Managing Director and owner of both PPMT and Royal Gulf, because Douglas was a registered user of this Court's electronic-filing system. This constituted service of process upon PPMT and Royal Gulf under Fed. R. Civ. P. Rule 4(h)(1) and/or CPLR 311.

10. On April 27, 2020, Douglas, proceeding *pro se*, attempted to file an Answer on behalf of himself and PPMT and Royal Gulf.

11. By the April 29, 2020 Order of the Hon. Judge Furman, this Answer was stricken as to PPMT and Royal Gulf, as neither corporate Defendant had entered a notice of appearance by counsel.

12. On July 2, 2020, FAT Brands, out of an abundance of caution, served the Amended Complaint again on PPMT and Royal Gulf by: i) delivering a copy of the Amended

Complaint to a suitable person at Douglas's home; and ii) delivering copies of the Amended Complaint to the New York Secretary of State.

13. Neither PPMT nor Royal Gulf have arranged for counsel to enter a Notice of Appearance in this case. Neither PPMT nor Royal Gulf have answered or otherwise moved with respect to the Complaint or Amended Complaint.

14. The time for PPMT and Royal Gulf to answer or otherwise move with respect to the Complaint or Amended Complaint herein has expired and their time to answer or otherwise move has not been extended.

15. To date, PPMT and Royal Gulf have not answered or otherwise moved with respect to the Complaint or Amended Complaint and their time to answer or otherwise move has not been extended.

16. On July 28, 2020, the Clerk of the Court noted the default of PPMT and Royal Gulf.

17. As corporate entities, PPMT and Royal Gulf are neither infants, incompetent, nor presently in the military service of the United States.

18. Default Judgement against PPMT under the first cause of action is warranted because:

   a. The first cause of action only asserts the liability of PPMT.

   b. Plaintiff is willing to limit its recovery under this claim, at this juncture, to certain liquidated damages that are easily calculable consisting of i) the $100,000 due diligence fee paid by Plaintiff to PPMT and ii) the attorneys' fees incurred by Plaintiff, as set forth in the declaration of Allen Sussman, a partner at the law firm of Loeb & Loeb, LLP.   Douglas's answer filed with this Court admits that PPMT received the $100,000 due diligence fee (DE 100, ¶ 5).

19. Delaying the entry of default judgement against PPMT could frustrate Plaintiff' ability to collect upon any such final judgment once it is rendered.

20. As set forth below, since the commencement of this litigation, PPMT apparently has shut down its offices, websites and social media pages touting Douglas's operation of PPMT have been scrubbed from the internet, and Douglas now conducts business through a new entity.

21. When Plaintiff filed suit, PPMT's offices were located within the offices of PPMT Strategic Group at 1001 Avenue of the Americas, 2nd Floor, New York, New York 10018. PPMT still lists this 1001 Avenue of the Americas address as its current offices with the New York Secretary of State, as shown by the printout from its website, annexed hereto as Exhibit A.

22. Since the onset of this litigation, Plaintiff has come to learn that PPMT no longer operates out of its registered corporate offices. Annexed hereto as Exhibit B is a true and correct copy of the Affidavit of Brian Hamid, stating an inability to serve PPMT at this address.

23. At the time that Plaintiff filed suit, PPMT maintained a prolific presence on the internet, an advertised, among other places, on a website (https://ppmtcapitaladvisors.com), as well as on Facebook and LinkedIn.

24. Annexed hereto as Exhibit C is a true and correct copy of pages from PPMT's archived homepage, captured on May 9, 2019.

25. PPMT's website now appears to be out of operation.

26. However, when operational, the homepage for PPMT's website claimed to conduct business in Europe, Asia, and the Middle East.  Moreover, PPMT claimed that it had

completed "Over $300M in direct investments" within "the last 24 months" and had current mandates for $450 million in new investments.

27. Attached hereto as Exhibits D are excerpts from PPMT's LinkedIn profile, when operational.

28. In the LinkedIn advertisement, PPMT Capital boasts: i) "over $300 M in direct investments completed over the last 24 months" ii) $1.45 billion in current investment mandates and iii) the firm's typical investment is in the range of "$25m - $150m."

29. Attached hereto as Exhibit E are excerpts of PPMT's once operational Facebook page in which PPMT touted its purported investment successes.

30. Douglas, the Chief Investment Officer for PPMT, has begun to advertise his investment services through an entity called Insight Family Office. Annexed hereto as Exhibit F is a true and correct copy of Douglas's LinkedIn profile, captured on August 18, 2020.

31. The homepage for the Insight Family Office, attached hereto as Exhibit G, contains multiple blogs about investing authored by Karl Douglas.

32. According to an investor profile maintained with Crunchbase, Karl Douglas is the founder of the Insight Family Office.  *See* Exhibit H.

33. According to Insight Family Office's LinkedIn profile, at least one employee of PPMT, or one of its affiliates, has joined Douglas in working for Insight Family Offices: Deborah Salerno. Deborah Salerno lists herself as a director of the PPMT Strategic Group, a former Investment Banker for PPMT, and the current Managing Director of the Insight Family Office. Attached hereto as Exhibit I are true and correct copies of the Insight Family Office and Deborah Salerno's LinkedIn pages.

34. Karl Douglas, the Managing Partner of PPMT Capital, had declined to meet and confer with us regarding the existence and location of PPMT's assets before the filing of this motion for a default judgment.

35. If there is any validity to PPMT's boast to having completed $300 million in investments, and having mandates to invest $1.45 billion, there is a serious risk that the revenue generated from such deals and any such business opportunities have been or are in the process of being transferred to new businesses, or overseas.

36. Until a final judgment is entered against PPMT, Plaintiff cannot engage in the discovery of PPMT's assets under Fed. R. Civ. P. Rule 69(a)(2) or avail itself of any provisional remedies prohibiting the dissipation of assets under federal or state law.

37. Therefore, there exists a substantial risk that a delayed judgement against PPMT will allow for the dissipation of PPMT's assets, either abroad or to Douglas's next business venture, and render any post-judgment enforcement remedies ineffective given the passage of time.

WHEREFORE, Plaintiff FAT Brands Inc. requests that this Court grant Plaintiff's Motion for a Default Judgement against Defendant PPMT Capital Advisors, Ltd.

I declare under penalty of perjury that the forgoing is true and accurate to the best of my knowledge, information, and belief, that the amount claimed is justly due to Plaintiff, and that no part thereof has been paid.

Dated:  August 18, 2020
          New York, New York

                                        KAGEN CASPERSEN & BOGART PLLC

                          By:     _____
                                        Russell Bogart, Esq.
                                        757 Third Avenue, 20th Fl.
                                        New York, NY 10017
                                        Telephone: (212) 880-2045
                                        Fax: (646) 304-7879
                                        rbogart@kcbfirm.com