UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                   :

FAT BRANDS, INC.,                            :

                                :

                Plaintiff,        :

                               :         19-CV-10497 (JMF)

        -v-                  :

                               :      MEMORANDUM OPINION
PPMT CAPITAL ADVISORS, LTD., et al.,     :        AND ORDER

                               :

              Defendants.      :

                               :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Upon review of Plaintiff's letter of October 8, 2020, ECF No. 144, the Court agrees that

attorney's fees are available as consequential damages for PPMT Capital Advisors, Ltd.'s breach

of the duty to negotiate in good faith.  *See, e.g.*, *CapLOC, LLC v. McCord*, No. 17-CV-5788

(AT), 2020 WL 1036044, at *20 (S.D.N.Y. Mar. 3, 2020); *Original S.F. Toymakers, Inc. v.*

*Trendmasters, Inc.*, No. C-01-3658 (MJJ), 2003 WL 22384771, at *7 (N.D. Cal. Oct. 7, 2003).

The Court also agrees that the fees sought are not subject to review for reasonableness, for

substantially the reasons stated in Plaintiff's letter.  *See* ECF No. 144, at 3-4.

      But, by its terms, Rule 54(b) of the Federal Rules of Civil Procedure does not allow for

entry of judgment for partial damages, with other damages to be determined later.  *See, e.g.*, *Int'l*

*Controls Corp. v. Vesco*, 535 F.2d 742, 748 (2d Cir. 1976) ("[T]he district court may utilize its

Rule 54(b) powers with respect to a given claim *only if all damages stemming from that claim*

*have been fixed*." (emphasis added)); *see also, e.g.*, *City of New York v. Milhelm Attea & Bros.*,

No. 06-CV -03620 CBA VMS, 2012 WL 4959502, at *2 (E.D.N.Y. Oct. 17, 2012) (citing cases).

To the extent that *Johannes Baumgartner Wirtschafts und Vermogensberatung GMBH v.*

*Salzman*, No. 08-CV-2582 (JS) (AKT), 2010 WL 3937270 (E.D.N.Y. Sept. 30, 2010), suggests otherwise, the Court declines to follow that decision.  In light of Plaintiff's representation that "FAT Brands would elect to limit itself to the damages demanded in its default motion on the First Claim For Relief" in the event the Court reached this conclusion, ECF No. 144, at 5-6, the Court will enter judgment for the sum certain Plaintiff is seeking and deems Plaintiff to have waived any request for other damages under the First Claim For Relief.

No later than **October 13, 2020**, Plaintiff shall file a proposed judgment (on ECF and, simultaneously, by email in Word format) calculating prejudgment interest as of October 14, 2020.

SO ORDERED.

Dated: October 9, 2020
      New York, New York

_____
JESSE M. FURMAN
United States District Judge

2