UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                :

FAT BRANDS INC.,                         :

                       :

                   Plaintiff,         :

                       :          19-CV-10497 (JMF)

        -v-                     :

                       :       MEMORANDUM OPINION

PPMT CAPITAL ADVISORS, LTD. et al.,    :          AND ORDER

                       :

                 Defendants.     :

                       :

------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        This case concerns an alleged scheme to deceive and defraud Plaintiff FAT Brands Inc.

("FAT Brands") as part of a financing deal gone awry.  FAT Brands brings contract and fraud

claims against the alleged co-conspirators, namely PPMT Capital Advisors, Ltd. ("PPMT"),

Royal Gulf Capital Corporation ("Royal Gulf"), and Karl Douglas (collectively, the "PPMT

Defendants"); Wesley Ramjeet; and SJ Global Investments Worldwide, Ltd. ("SJ Global WW"),

SJ Global Investments Ltd. ("SJ Global US"), Peter Samuel, Neil Walsh, Kristina Fields, and

Mickey Edison (collectively, the "SJ Global Defendants" and, together with Ramjeet and the

PPMT Defendants, "Defendants").  In an Opinion and Order entered on January 5, 2021,

familiarity with which is presumed, the Court dismissed FAT Brands's claims against Ramjeet

and the SJ Global Defendants for failure to state a claim (and for lack of personal jurisdiction

with respect to Fields and Edison).  *See FAT Brands Inc. v. PPMT Cap. Advisors, Ltd.*, No. 19-

CV-10497 (JMF), 2021 WL 37709 (S.D.N.Y. Jan. 5, 2021) (ECF No. 154).  FAT Brands now

moves, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, for entry of a final

judgment on its dismissed claims against Ramjeet and the SJ Global Defendants.  ECF No. 160.

For the reasons that follow, that motion is denied.

## LEGAL PRINCIPLES

In general, "the entry of a final judgment is . . . appropriate only after all claims have been adjudicated." *Novick v. AXA Network, LLC*, 642 F.3d 304, 310 (2d Cir. 2011) (internal quotation marks omitted). "Rule 54(b)," however, "permits certification of a final judgment where (1) there are multiple claims or parties, (2) at least one of the claims or the rights and liabilities of at least one party has been finally determined, and (3) there is no just reason for delay." *Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 164-65 (2d Cir. 2005) (internal quotation marks omitted). "Respect for the 'historic federal policy against piecemeal appeals' requires that a Rule 54(b) certification not be granted routinely." *Citizens Accord, Inc. v. Town of Rochester*, 235 F.3d 126, 128-29 (2d Cir. 2000) (per curiam) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)). Indeed, "the court's power under Rule 54(b) . . . should be exercised sparingly." *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir. 1997) (internal quotation marks omitted). Thus, "[a] certification under Rule 54(b) should be granted only if there are interests of sound judicial administration and efficiency to be served, or, in the infrequent harsh case, where there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991) (cleaned up).

Significantly, "[i]n applying these principles," the Second Circuit has "repeatedly noted that the district court generally should not grant a Rule 54(b) certification if the same or closely related issues remain to be litigated." *Novick*, 642 F.3d at 311 (internal quotation marks omitted); *see In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2020 WL 815590, at *1 (S.D.N.Y. Feb. 19, 2020) ("[I]f the same or closely related issues remain to be litigated, certification generally is not appropriate." (internal quotation marks omitted)). That is,

courts "should avoid the possibility that the ultimate dispositions of the claims remaining in the district court could either moot [a] decision on the appealed claim or require [an appellate court] to decide issues twice." *Ginett v. Comput. Task Grp., Inc.*, 962 F.2d 1085, 1095 (2d Cir. 1992). Additionally, "'[i]t does not normally advance the interests of sound judicial administration or efficiency to have piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case' in successive appeals from successive decisions on interrelated issues." *Novick*, 642 F.3d at 311 (quoting *Harriscom*, 947 F.2d at 631).

## DISCUSSION

In this case, there is no dispute that (1) there are multiple claims or parties and (2) the liabilities of at least some parties — namely, Ramjeet and the SJ Global Defendants — have been finally determined. *See FAT Brands*, 2021 WL 37709. Thus, FAT Brands's Rule 54(b) motion turns on whether there is "no just reason for delay." *Pryor*, 425 F.3d at 165 (internal quotation marks omitted).[1]

FAT Brands argues that its claims against Ramjeet and the SJ Global Defendants are sufficiently separable to warrant entry of a partial judgment under the Rule. *See* ECF No. 160-1 ("Pl.'s Mem."), at 4-5. The Court disagrees. For starters, FAT Brands's claims against Ramjeet are based on theories of vicarious liability predicated on Douglas's conduct. If Douglas is

---

[1]     FAT Brands makes much of the fact that the SJ Global Defendants do not to take a position on the motion, arguing that it "amounts to a concession that the [m]otion should be granted." ECF No. 171 ("Pl.'s Reply"), at 5. But "the required determination that there is no just reason for delay ought not to be made as a matter of rote even when . . . there [i]s no objection from the party who would be adversely affected or anyone else." *Arlinghaus v. Ritenour*, 543 F.2d 461, 463 (2d Cir. 1976) (per curiam) (internal quotation marks omitted). Indeed, "[t]he district court has an independent duty to avoid piecemeal appeals and protect parties' rights against prejudice resulting from premature appeal." *Id.* at 464.

ultimately found not to have committed tortious conduct, these claims against Ramjeet, which FAT Brands would seek to revive on appeal, "will become moot. Thus, the . . . claims against [Ramjeet] and against [Douglas] are 'inextricably interrelated,' and entry of final judgment against [Ramjeet] under Rule 54(b) is inappropriate." *Richardson v. City of New York*, No. 04-CV-5314 (THK), 2007 WL 1732424, at *2 (S.D.N.Y. June 14, 2007); *accord Broad-Bussel Family L.P. v. Bayou Grp. L.L.C.* (*In re Bayou Hedge Fund Litig.*), Nos. 06-MDL-1755, 06-CV-3026 (CM), 2007 WL 2363622, at *4 (S.D.N.Y. Aug. 16, 2007) (denying 54(b) certification where the claims at issue were "premised on [another defendant's] primary misconduct" meaning that "if th[e] court eventually f[ound] [the primary defendant] not liable for the underlying fraud, breach and/or negligence, then any appellate review of th[e] court's dismissal of . . . claims against [the vicariously liable defendant] w[ould] be rendered either advisory or moot").

The cases cited by FAT Brands do not suggest otherwise. First, in *Star Funding, Inc. v. Tire Centers, LLC*, 717 F. App'x 38 (2d Cir. 2017) (summary order), the district court had granted summary judgment for the defendant TCi based on a finding that a TCi employee, Jason Powell, lacked apparent authority to enter into certain contracts on TCi's behalf. *See id.* at 39. The plaintiff, however, did not bring any claims against Powell directly. *See id.* at 40. Thus, unlike here, there was no risk that the district court's "disposition of one or more of the remaining claims could render [any appellate] opinion advisory or moot." *Ginett*, 962 F.2d at 1095. Additionally, the fact that the claim against TCi happened to involve a theory of liability based on apparent authority had no bearing one way or the other on the Court's Rule 54(b) analysis. Meanwhile, FAT Brands's other cases — *Senegal v. Moses*, No. 16-CV-1756, 2019 WL 3022034, at *2 (W.D. La. June 10, 2019), *report and recommendation adopted*, No. 2:16-

4

CV-1756, 2019 WL 3022037 (W.D. La. July 9, 2019), and *Ferguson v. Horizon Lines, Inc.*, No. 11-C-3391 (MEJ), 2013 WL 12173602, at *1-3 (N.D. Cal. July 17, 2013) — are non-binding and unpersuasive.  Neither court appears to have considered the possibility that further proceedings in the district court on the underlying claim might render an early appeal of the vicarious-liability claim advisory or moot, a factor that the Second Circuit and courts in this District have repeatedly recognized as significant.  *See, e.g.*, *In re Bayou Hedge Fund*, 2007 WL 2363622, at *4 ("[C]laims are interrelated where [the] district court's disposition of one or more of the remaining claims could render [the] Circuit's opinion advisory or moot."  (cleaned up)); *In re Blech Sec. Litig.*, No. 94-CV-7696 (RWS), 1997 WL 20833, at *2 (S.D.N.Y. Jan. 21, 1997) ("'[W]here the resolution of the remaining claims could conceivably affect' an appellate court's decision of the claims on appeal, a district court should be reluctant to grant a Rule 54(b) motion." (quoting *Hogan v. Consol. Rail Corp.*, 961 F.2d 1021, 1025 (2d Cir. 1992))); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Young*, No. 91-CV-2923 (CSH), 1996 WL 609287, at *3 (S.D.N.Y. Oct. 23, 1996) ("Rule 54(b) certification is unwarranted where a ruling by the district court *may* render claims on appeal moot.").

FAT Brands's claims against the SJ Global Defendants are similarly intertwined with the remaining claims against the PPMT Defendants.  The two claims brought against SJ Global Defendants — fraud and conspiracy to commit fraud and tortious interference with contract, ECF No. 97 ("Compl."), ¶¶ 275-84, 296-300 — are also brought against the PPMT Defendants, *id.* ¶¶ 263-74, 296-300.  And the gravamen of the first claim is that the SJ Global Defendants, Douglas, and PPMT are co-conspirators in a common scheme, with the SJ Global Defendants making misrepresentations to FAT Brands indirectly through Douglas.  *Id.* ¶ 280; ECF No. 111, at 11-14.  Put simply, whether or not the legal questions raised by the dismissed and pending

claims are the same, the two sets of claims "are 'closely related and stem from essentially the same factual allegations.'" *LPD N.Y., LLC v. Adidas Am., Inc.*, 295 F. Supp. 3d 275, 288 (E.D.N.Y. 2017) (quoting *Cullen v. Margiotta*, 618 F.2d 226, 228 (2d Cir. 1980) (per curiam)); *see also In re Bayou Hedge Fund*, 2007 WL 2363622, at \*5 ("The fact that plaintiffs plead negligence against all twenty-eight defendants only buttresses the conclusion that the [dismissed] claim is inseparable from the other twenty-seven negligence claims that arise from the . . . fraud."). "To require [multiple] panels of appellate judges to familiarize themselves with this complicated factual history . . . would most certainly not serve the interests of judicial efficiency." *Uni-Rty Corp. v. Guangdong Bldg., Inc.*, 249 F.R.D. 149, 152 (S.D.N.Y. 2008); *accord Carpenter v. City of New York*, 984 F. Supp. 2d 255, 272 (S.D.N.Y. 2013); *Burrell v. State Farm & Cas. Co.*, 226 F. Supp. 2d 427, 433 (S.D.N.Y. 2002).[2]

FAT Brands's claims of prejudice do not outweigh the costs of a piecemeal appeal. First, the desire to "to avoid a second trial . . . is one [the Second Circuit] ha[s] explicitly rejected" as a basis for entry of a partial judgment, "particularly in cases where the dismissed and surviving claims are closely interrelated." *Adrian v. Town of Yorktown*, 210 F. App'x 131, 133 (2d Cir. 2006) (summary order). Indeed, the possibility that "unnecessary discovery and trial costs would result should the Second Circuit decide to reverse the Court's earlier opinion" is "inherent in

---

[2]     Contrary to FAT Brands's suggestion, the fact that the Court dismissed the claims against Fields and Edison for lack of personal jurisdiction is immaterial to the Rule 54(b) analysis. Pl.'s Mem. 4; *see also id.* at 7. In its Opinion and Order, the Court began with the question of personal jurisdiction, as it was required to do, *see, e.g.*, *Hyundai Mipo Dockyard Co. v. AEP/Borden Indus.* (*In re Rationis Enters., Inc. of Pan.*), 261 F.3d 264, 267-68 (2d Cir. 2001), and after concluding that jurisdiction was lacking as to Fields and Edison, did not address the merits of the claims against them, *see FAT Brands*, 2021 WL 37709, at \*7-10. That said, the Court explicitly noted that "any new claims against Fields and Edison" were "unlikely to be successful" for the reasons stated elsewhere in the Opinion. *Id.* at \*13 n.8. Little would be gained, therefore, from early appellate review of the personal jurisdiction issues alone.

*every* denial of Rule 54(b) certification, and hardly rise[s] to the level of hardship[] that warrant[s] immediate appeal." *Negrete v. Citibank, N.A.*, No. 15-CV-7250 (RWS), 2017 WL 2963494, at *2 (S.D.N.Y. July 11, 2017) (internal quotation marks omitted); *accord In re Bayou Hedge Fund*, 2007 WL 2363622, at *6. The potential difficulty in serving the SJ Global Defendants (all of whom, with the exception of SJ Global US, are foreign residents) with a notice of appeal at a later date has more force, *see* Pl.'s Mem. 7-9, if only given the difficulties FAT Brands had serving some of the SJ Global Defendants with the summons and complaint in the first instance, *see* ECF No. 85. But the risk is mitigated by the fact that the SJ Global Defendants' attorneys remain their counsel of record "until entry of final judgment or approval of any motion to withdraw in accordance with Local Rule 1.4," *FAT Brands, Inc. v. PPMT Cap. Advisors, Ltd.*, No. 19-CV-10497 (JMF), 2021 U.S. Dist. LEXIS 12340, at *2 (S.D.N.Y. Jan. 22, 2021) (ECF No. 161); *see also* ECF No. 166, and by the fact that the Court has already approved service on the SJ Global Defendants' counsel and the SJ Global Defendants' last known email addresses, ECF No. 85. Moreover, to the extent that FAT Brands contends that service complications could prejudice its "ability to prosecute its case, and to collect on any judgment, . . . even if it prevails on appeal," Pl.'s Mem. 8, there is no "unusual hardship" justifying a departure from "normal federal practice," *Hogan*, 961 F.2d at 1025. After all, FAT Brands does not seek to collect on a money judgment in its favor; it seeks entry of an adverse judgment. That is, "the Court has dismissed Plaintiff's . . . claims with prejudice . . . . Plaintiff has not been awarded any judgment or monetary recovery" and, "thus, [it] is not prejudiced by any delay in payment." *New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605 (JFK), 2018 WL 3046514, at *4 (S.D.N.Y. June 20, 2018).

**CONCLUSION**

For the foregoing reasons, FAT Brands's motion for entry of final judgment under Rule 54(b) of the Federal Rules of Civil Procedure is DENIED.

The Clerk of Court is directed to terminate ECF No. 160.

SO ORDERED.

Dated: April 13, 2021
      New York, New York

_____
JESSE M. FURMAN
United States District Judge