**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
FAT BRANDS INC.,

                      Plaintiff,

      -against-                                   19 **CIVIL** 10497 (JMF)

                                                                    **JUDGMENT**

PPMT CAPITAL ADVISORS, LTD., et al.,

                      Defendants.
-----------------------------------------------------------X

        It is hereby **ORDERED, ADJUDGED AND DECREED:**  That for the reasons stated in the Court's Opinion and Order dated January 5, 2021, Doc.# 154, Stipulation for Dismissal entered on July 29, 2021, Doc.# 216, and Order dated August 26, 2021, Doc.# 221, Defendants' motions are GRANTED. Specifically, FAT Brands's claims against Fields and Edison are dismissed pursuant to Rule 12(b)(2) for lack of personal jurisdiction, and its claims against Ramjeet, SJ Global WW, SJ Global US, Walsh, and Samuel are dismissed with prejudice pursuant to Rule 12(b)(6) for failure to state a claim. The Court declines to *sua sponte* grant FAT Brands leave to amend to cure the defects in its Complaint. Although leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), and although "[d]istrict courts typically grant plaintiffs at least one opportunity to plead fraud with greater specificity when they dismiss under Rule 9(b)," *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 108 (2d Cir. 2007), it is "within the sound discretion of the district court to grant or deny leave to amend," *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). FAT Brands already amended its complaint, and it neither seeks leave to amend again nor suggests that it possesses any additional facts that could cure the defects in its dismissed claims. *See, e.g.*, *Fischman*, 2019 WL 3034866, at *7 (declining to grant leave to amend as to certain claims in the absence of any suggestion that additional facts could

remedy defects in the plaintiff's pleading). That failure is all the more significant with respect to FAT Brands's fraud and tortious interference claims against the SJ Global Defendants because FAT Brands was on notice of the SJ Global Defendants' arguments when it filed the Complaint, as the SJ Global Defendants' original motion to dismiss raised the same arguments. *See* ECF No. 65.9 Moreover, while the presumption in favor of granting leave to amend is stronger in the case of dismissal pursuant to Rule 9(b), only FAT Brands's fraud claims against the SJ Global Defendants were subject to those standards, and the primary defect in those claims was not Rule 9(b), but the failure to plead a principal-agent relationship for liability purposes between the SJ Global and PPMT Defendants. Finally, when granted leave to amend in response to the earlier motion, FAT Brands was expressly warned that it would "not be given any further opportunity" to amend its complaint "to address issues raised by either motion to dismiss." ECF No. 62; *see, e.g.*, *Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257-58 (2d Cir. 2018) ("When a plaintiff was aware of the deficiencies in his complaint when he first amended, he clearly has no right to a second amendment even if the proposed second amended complaint in fact cures the defects of the first." (alteration and internal quotation marks omitted)). In light of these circumstances, the Court will not grant leave to amend.  On December 14, 2020, counsel for the SJ Global Defendants moved to withdraw. *See* ECF No. 149. In light of the dismissal of all claims against the SJ Global Defendants, that motion is denied as moot.

     Pursuant to Fed. R. Civ. P. 41(a)(1)A), it is hereby stipulation and agreed by and between Plaintiff FAT Brands, Inc. ("FAT Brands, Inc." or "Plaintiff") and Defendants PPMT Capital Advisors, Ltd., Royal Gulf Capital Corporation and Karl Douglas (collectively "the Douglas Defendants") (Plaintiffs and Defendants are collectively referred to as the "Parties"), by and through their respective counsel of record, that whereas no party hereto is an infant, incompetent person for whom a committee has been appointed or conservatee, and no person not a party has an interest in

the subject matter of this action, the above entitled action is hereby dismissed with prejudice by Plaintiffs against the Douglas Defendants without costs or attorneys' fees to either parry as against the other.

Final Judgment is entered consistent with the Court's Opinion and Order of January 1, 2021, Doc.# 154 and the Stipulation of Dismissal entered on July 29, 2021, Doc.# 216; accordingly, this case is closed.

**Dated:**  New York, New York
August 26, 2021

**RUBY J. KRAJICK**
_____
**Clerk of Court**
**BY:**  *[signature]*
**Deputy Clerk**